IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MICHAEL D. GREER and GREER,
RUSSELL, DENT & LEATHERS, PLLC                                           PLAINTIFFS

v.                                                     CIVIL ACTION NO. 1:17-cv-00125-GHD-DAS

CAROLINA CASUALTY INSURANCE
COMPANY                                                                   DEFENDANT

## MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION TO DISMISS OR STAY OR, IN THE ALTERNATIVE, TO TRANSFER

Presently before the Court is the Defendant Carolina Casualty Insurance Company ("CCIC" or "the Defendant")'s Motion to Dismiss or Stay or, in the alternative, to Transfer [Doc. No. 10]. Upon due consideration, the Court finds that the motion should be granted and this action transferred to the Eastern District of Pennsylvania.

### I.    *Factual and Procedural Background*

Plaintiffs Michael Greer and Greer, Russell, Dent & Leathers, PLLC ("Plaintiffs" or "Greer") filed this declaratory judgment insurance coverage action in this court on August 14, 2017. [Doc. No. 1]. In doing so, Plaintiffs seek to litigate insurance coverage issues that are presently pending, and many of which have been already been briefed for adjudication, in the United States District Court for the Eastern District of Pennsylvania in *Carolina Casualty Insurance Company v. Michael Greer; et al.*, Civil Action No. 2:17-cv-02827 ("the Pennsylvania action"), which was filed in that court on June 22, 2017, **twenty-two (22) days before** Plaintiffs filed this action in this court.[1] *Compare* Doc. No. 1 (Pl.'s Compl.) to Doc. No. 6 (Notice of Pending Litigation, and Exhibits 1-4 attached thereto).

---

[1] In short, in the underlying dispute, Plaintiffs seek coverage under a CCIC-issued insurance policy in relation to a dispute between Plaintiffs and GlaxoSmithKline, LLC regarding settlement fund monies in an ongoing multidistrict litigation styled *In re: Avandia Marketing, Sales Practices and Products Liability Litigation*, likewise

1

In the Pennsylvania action, the parties are actively litigating the issues that have been raised in this action, including a now fully-briefed Motion to Dismiss or Transfer that action to this Court [Doc. No. 14 in the Pennsylvania action] and a motion regarding the enjoining of these proceedings [Doc. No. 22 in the Pennsylvania action]. In this Court, the sole pending motion is CCIC's present motion to dismiss, stay, or transfer this action to the Pennsylvania court [Doc. No. 10].

In this motion, CCIC argues, *inter alia*, that the issues pending in this case substantially overlap with the issues pending in the Pennsylvania action and that the "first-to-file" rule thus applies and this action should therefore be transferred, dismissed, or stayed pending the outcome of the proceedings in the Pennsylvania action. Plaintiffs oppose this motion and argue that the first-to-file rule does not apply because: (1) in 2015, Plaintiffs filed a long-ago dismissed action in Mississippi state court that was subsequently removed to this Court ("the 2015 action"), which they did not move to re-open prior to the filing of this suit, that is actually the "first filed" case regarding the parties' pending insurance coverage dispute; and (2) the parties' forum selection agreement, and the equities of this case, "trump" the application of the first-to-file rule in this instance.

## *II.    Legal Standard for Application of the First-to-File Rule*

Under the first-to-file rule, when two cases that involve substantially similar issues are pending before two different federal courts, the court where the second action was filed should defer to the first court for adjudication of the issues. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999); *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (when two cases "overlap on the substantive issues, the cases [should] be ... consolidated in ... the jurisdiction first seized of the issues."); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950

---

still pending in the Eastern District of Pennsylvania as Civil Action No. 2:07-md-01871, and designated by that court as a "related case" to the Pennsylvania action that was filed on June 22, 2017.

2

(5th Cir. 1997); *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985); *Jumper v. Crimson Fin. Grp., LLC*, No. 1:17-CV-00025-SA-DAS, 2017 WL 4227397, at *1 (N.D. Miss. Sept. 20, 2017). "In deciding if a substantial overlap exists, this court has looked at factors such as whether 'the core issue ... was the same' or if 'much of the proof adduced ... would likely be identical.'" *Gateway Mortgage Grp., L.L.C. v. Lehman Bros. Holdings, Inc.*, No. 16-20688, 2017 WL 2347603, at *2 (5th Cir. May 30,.2017); *International Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (quoting *West Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of the ILA*, 751 F.2d 721, 730 (5th Cir. 1985)); *Mann Mfg., Inc. v. Hortex Inc.*, 439 F.2d 403, 407 (5th Cir. 1971).

The rule rests on principles of comity and sound judicial administration and "[t]he concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Save Power*, 121 F.3d at 950; *West Gulf*, 751 F.2d at 728 - 29. "Courts have noted that a substantial relationship exists between two suits where the issues, though not identical, are similar enough that the cases would be consolidated if filed in the same [c]ourt." *Rooster Prod. Int'l, Inc. v. Custom Leathercraft Mfg. Co.*, No. CIV.A. SA04CA864XR, 2005 WL 357657, at *2 (W.D. Tex. Feb. 1, 2005) (citing *Save Power*, 121 F.3d at 950; *Mann Mfg.*, 439 F.2d at 408 n. 6); *Texas Ass'n of Realtors, Inc. v. PDFfiller, Inc.*, No. A-16-CA-1304-SS, 2017 WL 3821690, at *2 (W.D. Tex. Aug. 31, 2017). It is not necessary for either the legal issues or the parties to be identical but only that there be "substantial overlap" between the two cases. *International Fid. Ins.*, 665 F.3d at 678; *Save Power Ltd.*, 121 F.3d at 950-51 ("Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action."). If such an overlap exists, application of the rule should be precluded only by the presence of "compelling

circumstances." *Mann Mfg.*, 439 F.2d at 407. Accordingly, if this Court finds that the issues in the two cases substantially overlap, "the proper course of action [is] for the court to transfer the case to the [Pennsylvania] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Cadle*, 174 F.3d at 606.

### III. Analysis and Discussion

Plaintiffs largely do not dispute that the core issues in this action substantially overlap those pending in the first-filed Pennsylvania action. Instead, Plaintiffs argue two primary points in opposition to CCIC's motion: first, that the 2015 action is actually the "first filed" action regarding these issues and that the first-to-file rule is therefore not grounds for the dismissal of this action or for the transfer of this action to the Eastern District of Pennsylvania; and second, that the parties' forum selection agreement, the enforceability of which is being actively litigated in the Pennsylvania action, renders application of the first-to-file rule inappropriate in this case. The Court finds that both of these arguments are without merit.

First, the Court finds that the 2015 action is irrelevant to the present first-to-file analysis, because that action is no longer pending and because Plaintiffs did not move in any fashion, via Rule 60(b)(6) of the Federal Rules of Civil Procedure or otherwise, to re-open it prior to the filing of the Pennsylvania action or this suit. The parties voluntarily dismissed the 2015 action in December 2015 pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. *See* Doc. Nos. 20, 21 in *Greer, et al. v. CCIC*, No. 1:15-cv-66-NBB-DAS (N.D. Miss.). The effect of a Rule 41(a)(1) dismissal is to "put the plaintiff in a legal position as if he had never brought the first suit." *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip., Inc.*, 434 F.3d 320, 324 (5th Cir. 2005); *Ford v. Sharp*, 758 F.2d 1018, 1023-24 (5th Cir. 1985) ("If a plaintiff voluntarily dismisses an action without prejudice, it is considered that the suit had never been filed"). Accordingly,

because the 2015 action was voluntarily dismissed by the parties in 2015, and Plaintiffs did not seek to re-open that action prior to the filing of the Pennsylvania action or this action, the 2015 action cannot serve as the "first-filed" case for the purpose of applying the first-to-file rule. *See, e.g., New View Gifts & Accessories, Ltd. v. Tri-Coastal Design Group*, No. 02-CV-3428, 2002 WL 1896217 (E.D. Pa. Aug. 15, 2002) (rejecting argument that earlier voluntarily dismissed action qualified as the first-filed suit). The Pennsylvania action, therefore, is the first-filed case in relation to the parties' underlying dispute insofar as the Court's analysis regarding the applicability of the first-to-file rule is concerned. The Court thus finds that this argument is without merit.

Second, the Court finds that the parties' forum selection agreement, the enforceability of which is presently being litigated in the Pennsylvania action, does not trump the application of the first-to-file rule and does not constitute a compelling circumstance requiring or permitting the Court to refuse to apply the rule. The Fifth Circuit in any event rejected this very argument earlier this year, holding that the existence of a forum selection agreement is not a "compelling circumstance" that displaces application of the first-to-file rule when the parties are free to move for a transfer of venue in the first-filed court. *Gateway Mortgage Grp.*, 2017 WL 2347603, at *2; *see also Bank of Am. v. Berringer Harvard Lake Tahoe*, No. 3:13-CV-0585-G, 2013 WL 2627085, at *4 (N.D. Tex. June 12, 2013) ("[T]he issue of whether the forum-selection clause binds the parties does not need to be addressed by the court in the second-filed action.").

Here, the Plaintiffs indisputably have **already** moved for a transfer of venue in the Pennsylvania action, clearly demonstrating that the existence of the parties' forum selection clause is not a compelling circumstance warranting displacement of the first-to-file rule. *See* Doc. No. 14 in the Pennsylvania action (Greer's motion seeking, *inter alia*, to transfer venue of the

5

Pennsylvania action to the Northern District of Mississippi). Accordingly, the Court finds that this argument is without merit.

Finally, the Plaintiffs' remaining arguments are likewise without merit. First, whether or not Mississippi law applies to the parties' underlying dispute regarding insurance coverage is irrelevant to this Court's first-to-file rule analysis – the Pennsylvania court is certainly capable of applying Mississippi law should Mississippi law indeed apply to the parties' dispute. Likewise, the fact that Plaintiffs are contesting personal jurisdiction in the Pennsylvania action is irrelevant to this Court's first-to-file analysis – that issue is presently being actively litigated in the Pennsylvania action and is before that court for a decision. It has no bearing on this Court's first-to-file analysis.

In sum, the Court finds that there clearly is, at the very least, a "substantial overlap" of the issues and parties between the Pennsylvania action and this action: the relief sought in both actions is a declaration that the subject CCIC insurance policy either does or does not afford coverage for the claims at issue and a determination as to whether CCIC has properly denied coverage under the policy. The two cases are not required to present identical issues or parties for the first-to-file rule to apply, but rather must only overlap on the substantive issues, which the Court finds is clearly the case. Accordingly, and because there exist no compelling circumstances sufficient to warrant not applying the rule, the first-to-file rule clearly applies. *Save Power Ltd.*, 121 F.3d at 950-51; *Mann Mfg.*, 439 F.2d at 407.

The Court therefore finds that the first-to-file rule applies and that the first-filed case is the Pennsylvania action. This case will therefore be transferred to the Eastern District of Pennsylvania for consolidation with the Pennsylvania action.

### *IV. Conclusion*

As explained above, the Fifth Circuit has ruled that, absent compelling circumstances, "where duplicative issues and parties exist in two cases, the court with the first case should resolve the issues between the parties and the second court should defer." *Save Power*, 121 F.3d at 950. Such is the situation here, and no compelling circumstances exist to justify deviating from the application of the first-to-file rule. This Court therefore defers to the first-filed court (Eastern District of Pennsylvania) for resolution of the issues presented in this action.

Accordingly, for all of the foregoing reasons, Defendant Carolina Casualty Insurance Company ("CCIC")'s Motion to Dismiss or Stay or, in the alternative, to Transfer [Doc. No. 10] is granted, and this action shall be transferred to the United States District Court for the Eastern District of Pennsylvania.

An order in accordance with this opinion shall issue this day.

THIS, the 6 day of October, 2017.

*/s/ Glen H. Davidson*
SENIOR U.S. DISTRICT JUDGE